**4**

Brian S. Haddix (230332)

Haddix Law Firm

1224 I Street

Modesto, CA 95354-0912

(209) 338-1131

bhaddix@modestobankruptcylaw.com

Attorney for Valery Joneve Alexander-Thomas

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re | AP Case No. |
| **Valery Joneve Alexander-Thomas,** | Case No 24-23167 |
| Debtor(s), | |
| | Chapter 13 |
| Last Four: 5441 | |
| Debtor's Address: 2611 Woodshire Ct., Stockton | |
| CA 95206 | Department: B<br>Courtroom: 32<br>Judge: Hon. Christopher D. Jaime |
| **Valery Joneve Alexander-Thomas,** | |
| Plaintiff, | |
| vs. | |
| **California Franchise Tax Board,** | |
| Defendants(s), | |

1

# ADVERSARY COMPLAINT TO AVOID PREFERENTIAL TRANSFER AND PRESERVE AVOIDED LIEN

## I. JURISDICTION AND VENUE

1. This adversary proceeding is brought under 11 U.S.C. §§ 547 and 551, and Fed. R. Bankr. P. 7001(2).

2. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (K).

4. Venue is proper in this District under 28 U.S.C. § 1409.

## II. PARTIES

5. Plaintiff Valery J. Alexander-Thomas ("Plaintiff") is the debtor and debtor-in-possession in the above-captioned Chapter 13 case.

6. Defendant Franchise Tax Board of the State of California ("FTB") is a creditor and a governmental taxing authority with a principal office at PO Box 2952, Sacramento, CA 95812.

## III. FACTUAL ALLEGATIONS

7. Plaintiff filed a voluntary petition for relief under Chapter 13 of Title 11 on July 19, 2024.

8. Prior to the petition date, Plaintiff owed personal income tax liabilities to FTB for tax years 2019 and 2020, totaling approximately $12,360.80, based on FTB's Proof of Claim filed on May 30, 2025.

9. On or about July 10, 2024, within 9 days of the bankruptcy filing, FTB recorded a Notice of State Tax Lien against the Plaintiff in San Joaquin County, under Document No. 2024-057187, Certificate No. 24188650603.

10. The lien purports to secure tax liabilities for the 2019 and 2020 tax years.

11. The lien was recorded within 90 days of the petition date, and at a time when Plaintiff was presumed insolvent under 11 U.S.C. § 547(f).

12. The lien attached to Plaintiff's property and improved the position of FTB over general unsecured creditors.

13. FTB filed a $0.00 Proof of Claim, indicating it is asserting no distribution rights, but

the lien remains encumbering the estate.

## IV.    CLAIM FOR RELIEF – AVOIDANCE OF PREFERENTIAL TRANSFER (§ 547)

14.    Plaintiff repeats and realleges paragraphs 1–13.

15.    The lien recording on July 10, 2024, constitutes a "transfer of an interest of the debtor in property" to or for the benefit of a creditor (§ 547(b)(1)).

16.    The transfer was made on account of an antecedent debt for unpaid taxes assessed or incurred prior to the date of the transfer (§ 547(b)(2)).

17.    The transfer occurred while the debtor was insolvent (§ 547(b)(3); see § 547(f)).

18.    The transfer was made within 90 days of the petition date (§ 547(b)(4)(A)).

19.    The effect of the transfer was to enable the FTB to receive more than it would have under Chapter 7, since the lien elevated the claim over other unsecured creditors (§ 547(b)(5)).

20.    The lien is a statutory lien but is not protected by the § 547(c)(6) safe harbor, because it was perfected within the preference period and is not protected by § 545.

21.    Defendant's lien is a "statutory lien" (11 U.S.C. § 101(53)) but is not protected by the safe harbor in 11 U.S.C. § 547(c)(6). That subsection exempts statutory liens that are not avoidable under 11 U.S.C. § 545. However, § 545 permits avoidance only if the lien was unenforceable against a bona fide purchaser or not perfected on the petition date. Under California law, the Defendant's lien was perfected and enforceable upon its recording on July 10, 2024, pursuant to California Government Code § 7170. Therefore, it was not avoidable under § 545, and § 547(c)(6) does not shield it from avoidance under § 547(b).

## V.    CLAIM FOR RELIEF – PRESERVATION OF AVOIDED TRANSFER (§ 551)

22.    Plaintiff incorporates all prior allegations.

23.    Any transfer avoided under § 547 is preserved for the benefit of the estate under § 551.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

24.    For an order avoiding the lien recorded by the Franchise Tax Board on July 10, 2024, pursuant to 11 U.S.C. § 547(b);

25.    For an order preserving the avoided transfer for the benefit of the estate under 11

U.S.C. § 551;

26.    For a declaration that 11 U.S.C. § 547(c)(6) does not shield the recorded lien from avoidance under 11 U.S.C. § 547(b);

27.    For costs of suit incurred herein; and

28.    For such other and further relief as the Court deems just and proper.

                              HADDIX LAW FIRM

July 2, 2025


                              /s/ Brian S. Haddix
                              Brian S. Haddix, Attorney for Plaintiff-Debtor-
                              DIP Valery Joneve Alexander-Thomas

4